525 A.2d 454

Raymond E. Ohler, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs December 9, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Joseph Michael Smith, Smith and Jakubowski,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, May 6, 1987:

Raymond E. Ohler (appellant) appeals the order of the Court of Common Pleas of Philadelphia County (trial court) sustaining the order of the Department of Transportation (DOT) which suspended his driver's license for twelve months, for refusing to submit to a breathalyzer test. Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b).

First, we will address the appellant's contention that, having initially submitted to a breathalyzer test and being requested by Officer Paupst to take a second such test, he was entitled to an explanation as to the reason for the second test.

Section 1547(a) of the Code provides that "[a]ny person who drives, . . . a motor vehicle in this Commonwealth shall be deemed to have given consent to *one or more chemical tests* of breath. . . ." (Emphasis added.) And, we have recently interpreted this provision to clearly authorize the police to require two breathalyzer tests. *McFarren v. Department of Transportation,* 96 Pa. Commonwealth Ct. 262, 507 A.2d 879 (1986).

Under *McFarren,* there is no requirement, on the part of the police, to explain why a second test is required. Accordingly, we find no merit in the appellant's first contention.

The other question presented by the appellant is whether or not Officer Paupst had the requisite reasonable grounds to believe that the appellant was driving while intoxicated. *Gresh v. Department of Transportation, Bureau of Traffic Safety,* 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983). DOT contends that this issue was not raised below and, therefore, was waived. The record indicates, however, that the appellant did raise this issue in his petition for appeal from DOT's order, but it was not addressed by the trial court.

Accordingly, we will remand to the trial court for determination of this particular issue.

### ORDER

AND NOW, this 6th day of May, 1987, the order of the Court of Common Pleas of Philadelphia County is affirmed, insofar as it holds that the arresting officer was not required to give an explanation as to the necessity for a second breathalyzer test. We remand to determine whether or not the arresting officer had reasonable grounds to believe that the appellant was operating a vehicle under the influence.

Jurisdiction relinquished.