535 A.2d 754

Glenn R. Bush, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued October 5, 1987, before Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*Thomas G. Johnson,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Raymond A. Swan,* Assistant Counsel, and *Spencer A. Manthorpe,* Chief Counsel, for appellee.

OPINION BY JUDGE BARRY, January 14, 1988:

This is an appeal brought by Glenn R. Bush from an order[1] of the Court of Common Pleas of Indiana County

---

[1] The trial court has failed to file a statement of the reasons for its order as required by Pa. R.C.P. 1925(a). The transcript of the hearing held on February 5, 1986 is part of the record and contains a stipulation of the facts in this case. Accordingly, the only question in this case is one of law and we will not remand the record to the trial court for a Rule 1925(a) opinion. *But see Schleiker v. Department of Transportation, Bureau of Traffic Safety,* 76 Pa. Commonwealth Ct. 18, 463 A.2d 86 (1983) (where remand was ordered by this Court for the purpose of having an opinion filed containing findings of fact inasmuch as the record contained factual conflicts).

which dismissed his appeal from an order of the Department of Transportation (DOT) suspending his operator's license for a period of one year pursuant to Section 1547(b)(1) of the Vehicle Code (Code).[2] We affirm.

At a hearing held on February 5, 1986, the parties stipulated to the following facts. On September 25, 1985, Mr. Bush was involved in a minor automobile accident. Trooper Miller of the Pennsylvania State Police proceeded to the scene and based on his observation of Mr. Bush's behavior, placed him under arrest on the charge of driving under the influence. Mr. Bush was taken into custody and transported to police barracks where he was asked to submit to an intoxilyzer test. After a proper warning of the consequences of refusal Mr. Bush consented to the administration of the test. A reading was obtained whereupon he was asked to submit to a second intoxilyzer test pursuant to 67 Pa. Code §77.24. Mr. Bush refused to consent to the second test and his license was subsequently suspended. He appealed the suspension to the Court of Common Pleas of Indiana County which dismissed his appeal. He now appeals to this Court.

The sole question before us is whether, in light of our Supreme Court's plurality decision in *Department of Transportation v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987), a licensee must suffer the consequences of a one year license suspension pursuant to §1547(b)(1) for refusing to submit to a second intoxilyzer test which was requested by a police officer pursuant to 67 Pa. Code §77.24(b)(1).

In *McFarren* our Supreme Court was called upon to interpret §1547(a) of the Code. Of course, that case holds that if more than one chemical test is requested, "the police officer must offer sufficient evidence to es-

---

[2] 75 Pa. C. S. §1547(b)(1).

tablish the 'reasonableness' of such a request." *Id.* at 418, 525 A.2d at 1188. As noted in footnote 1 of the opinion, the Supreme Court did not examine the applicability of 67 Pa. Code §77.24 inasmuch as it was promulgated subsequent to the occurrence in that case. However, that regulation is applicable here[3] and provides in pertinent part:

Breath test procedures:

(b) . . . The procedures for alcohol breath testing shall include, at a minimum:

(1) Two consecutive actual breath tests, without a required waiting period between the two tests.

(2) . . . The lower of the two actual breath test results will be the result used for prosecution.

First, we must examine the validity of this regulation. This regulation was promulgated pursuant to the legislative mandate of 75 Pa. C. S. §1547(c)(1) which provides in pertinent part, "Chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the departments of Health and Transportation."

Inasmuch as the legislature has mandated that these regulations be promulgated we consider them to have been adopted pursuant to the agency's legislative rule-making power. *Compare Bureau of Traffic Safety v. Byrd,* 41 Pa. Commonwealth Ct. 38, 399 A.2d 425 (1979) (regulations promulgated pursuant to the agency's interpretive rule-making power) and *Bureau of Traffic Safety v. Slater,* 75 Pa. Commonwealth Ct. 310, 462

---

[3] The Regulation was adopted December 21, 1984 and became effective December 22, 1984. The facts giving rise to this case occurred on September 25, 1985.

A.2d 870 (1983) (regulations promulgated pursuant to the agency's legislative rule-making power under an express grant of legislative power). Accordingly, our review of 67 Pa. Code §77.24 is limited to determining whether it is "(a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable." *Pennsylvania Human Relations Comm. v. Uniontown Area School District*, 455 Pa. 52, 77, 313 A.2d 156, 169 (1973) *quoting*, K.C. Davis, 1 Administrative Law Treatise §5.03, at 299 (1958).

The regulation is clearly within the power granted by 75 Pa. C. S. §1547(c)(1) since it establishes a procedural scheme intended to ensure valid test results. *Baldinger v. Commonwealth of Pennsylvania*, Pa. Commonwealth Ct. , 509 A.2d 912 (1986). Further, no argument has been raised challenging the procedure by which the regulation was promulgated.

Our primary concern here in light of *McFarren* is whether that portion of the regulation requiring two breath tests is reasonable. We think it is.

The stated concern of the plurality in *McFarren* with a police officer's ability to request multiple tests is that it could lead to "delegating unbridled power to the police resulting in a violation of Art. 1, §8 of the Constitution of this Commonwealth [relating to unreasonable searches and seizures]." 514 Pa. at 417, 525 A.2d at 1188. We believe that 67 Pa. Code §77.24(b)(1) and (2) as reproduced above effectively hold the reins on police power with respect to breath test requests.

Accordingly, we hold that a request by a policeman pursuant to 67 Pa. Code §77.24(b)(1) for a second breath test is *per se* reasonable and a licensee's failure to consent to its administration amounts to a refusal to consent to a chemical test as required by 75 Pa. C. S.

§1547(a) and must suffer the consequences of a license suspension pursuant to 75 Pa. C. S. §1547(b)(1).[4]

Accordingly, since Mr. Bush refused to consent to the policeman's request for a second breath test pursuant to 67 Pa. Code §77.24(b)(1) the order of the trial court dismissing his appeal from the Department's suspension of his license is affirmed.

### ORDER

NOW, January 14, 1988, the order of the Court of Common Pleas of Indiana County at No. 1672 C.D. 1985, dated February 11, 1986, is hereby affirmed.

---

[4] We must note that the holding in this case is specifically limited to *second* requests for *breath* tests. 67 Pa. Code §77.24 sets forth the procedure for breath tests only. Further, we recognize that the regulation contains the phrase "at a minimum." However, we will leave for another case and another day the question of whether that authorizes requests for more than two breath tests and, if so, whether it is reasonable.