541 A.2d 853

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Michael J. Wixon, Appellee.

Submitted on briefs February 22, 1988, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*William R. Bernhart,* for appellee.

OPINION BY SENIOR JUDGE KALISH, May 27, 1988:

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Berks County which dismissed the suspension of appellee's, Michael J. Wixon, driving privileges. We affirm the trial court.

Appellee was arrested for driving while under the influence of alcohol, after a police officer saw him driving erratically. Before the trial court, appellee did not contend that there was no probable cause for making the arrest. The focus was on what happened when the breathalyzer test was administered. Appellee was taken to the police station for a breathalyzer test, which he agreed to take. The officer prepared the machine and appellee blew into it twice, failing to blow hard enough to activate the machine. Appellee blew a third time, at which point the machine was activated, and it gave a visual readout of .197% blood alcohol content. However, since the officer did not set the machine properly, the reading was not printed out, although it was clearly seen on the machine. The officer then reset the machine so that it would print, and asked appellee to take

the test again. Appellee refused this time, and DOT suspended his driver's license pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

The trial court dismissed the suspension, finding that the arresting officer obtained evidence that was substantial enough for him to rely on under oath in his probable cause application and criminal complaint. The officer testified that the machine was accurate and that he had *no* doubt that appellee's blood alcohol content was at least .197%. The trial court found that appellee substantially complied with the requirement that he submit to the breathalyzer test and therefore sustained his appeal.

The issue is whether appellee refused to take the breathalyzer test. It is unreasonable to require a second test unless the first test was due to faulty equipment. *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987). Here, the error was not in the visual reading of the result of the test, which was accurate, but it was in the machine's printout. An accurate machine printout is not necessary for the test to be successful. All that is necessary is that the visual reading of the result is accurate. Therefore, the request for a second test was unreasonable.

Accordingly, we affirm the order of the trial court.

### Order

Now, May 27, 1988, the order of the Court of Common Pleas of Berks County, No. 85 October 1984, dated, April 8, 1985, is affirmed.