547 A.2d 476

Dennis J. Flickinger, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs July 6, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Mark David Frankel, Frankel & Associates, P.C.,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, September 8, 1988:

Dennis J. Flickinger (Appellant) appeals an order of the Adams County Court of Common Pleas dismissing his appeal from an order of the Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT), which suspended his operating privileges for one year pursuant to Section 1547(b)(1) of the Vehicle Code (Code).[1]

On October 24, 1987, at approximately 11:45 p.m., Appellant was arrested for driving under the influence of alcohol and transported to the Gettysburg Borough Police Department for an intoxilyzer test. Prior to administering the test, Officer Grissom of the Gettysburg Police Department explained the test procedure to Appellant. At this time, Appellant signed a consent form which stated that refusal to submit to a breath test would result in a suspension of operating privileges for one year. Also, prior to the test, Officer Grissom informed Appellant that he would have to provide two breath samples in order to complete the test.

Appellant initially agreed to submit to the breath test and at 12:10 a.m. he provided a breath sample. The breathalyzer machine printed out a reading of .273. Appellant would not provide a second breath sample despite the fact that Officer Grissom again explained to him that he would lose his operating privileges for one year if he did not do so. At 12:13 a.m. the breathalyzer machine purged itself. Appellant testified that during this time he was asking Officer Grissom why he had to

---

[1] 75 Pa. C. S. §1547(b)(1).

take the second test. Appellant testified that he then agreed to provide a second breath sample but Officer Grissom stated it was too late because the machine had already purged itself. The trial court concluded that by equivocating or questioning the need for a second test, Appellant's actions fell short of the unqualified, unequivocal consent required by Section 1547 of the Code.

Appellant contends that his second refusal to provide a breath sample within the three minute period allotted by the machine is not a refusal pursuant to Section 1547(b)(1) when viewed in light of his subsequent assent to complete the test.[2]

The applicable regulation appears at 67 Pa. Code §77.24(b) and reads in pertinent part:

The procedures for alcohol breath testing shall include, at a minimum:

(1)   two consecutive actual breath tests, without a required waiting period [3] between the two tests.

(2)   . . . The lower of the two actual breath test results will be the result used for prosecution.

We have previously held that the request for a second breath test as required by the regulation is *per se* reasonable and that a licensee's failure to consent to its

---

[2] Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether an error of law has been committed, or whether the trial court's decision constitutes a manifest abuse of discretion. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

[3] The regulation at 67 Pa. Code §77.24(a) requires that the police or certified breath test operator observe the person to be tested for at least twenty minutes prior to administering the first breath test. During that time period, the person "may not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten or smoked."

administration constitutes a refusal. *Bush v. Commonwealth*, 112 Pa. Commonwealth Ct. 510, 535 A.2d 754 (1988). There we held that the requirement of a second breath test was valid in light of our Supreme Court's decision in *Department of Transportation v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987).[4]

Appellant testified that he questioned why he had to take the second test and that he did not believe the reason was explained to him.[5] Appellant was advised that he was required to provide two breath samples prior to the test. He would not provide a second breath sample when requested and the machine purged itself. We have held that the police are not required to explain why the second test is required. *Ohler v. Department of Transportation*, 106 Pa. Commonwealth Ct. 20, 525 A.2d 454 (1987).

It is well-settled that anything substantially less than an unqualified, unequivocal assent to a breath test constitutes a refusal pursuant to Section 1547. *Department of Transportation, Bureau of Traffic Safety v. Mumma*, 79 Pa. Commonwealth Ct. 108, 468 A.2d 891 (1983). In *Department of Transportation, Bureau of Driver Licensing v. Cohen*, 99 Pa. Commonwealth Ct. 466, 512 A.2d 1365, *petition for allowance of appeal granted*, 513 Pa. 168, 518 A.2d 1213 (1986), we reversed the trial court and reinstated a license suspension where a motorist subsequently consented to a breath test only minutes after an initial refusal and after the equipment was

---

[4] In *McFarren*, our Supreme Court held that where a motorist is asked to submit to more than one chemical test, the police must establish the reasonableness of such a request.

[5] Notes of Testimony from December 21, 1987 hearing before the trial court at 36 and 40-41.

deactivated.[6] Although in that case the motorist expressed his refusal in words, a refusal may be implied from a motorist's action as well as words. *Mumma*. Accordingly, we will affirm the trial court's order.

## ORDER

Now, September 8, 1988, the order of the Adams County Court of Common Pleas dated December 21, 1987, at No. 87-S-874, dismissing the appeal of Dennis J. Flickinger, is affirmed.

---

[6] *See also, Department of Transportation, Bureau of Driver Licensing v. Bender,* 107 Pa. Commonwealth Ct. 475, 529 A.2d 44 (1987), where we held that a motorist's refusal to submit to a breathalyzer test was not vitiated by his subsequent consent five minutes later after speaking with his attorney.