547 A.2d 517

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* K.V.M., Inc., Appellee.

Submitted on briefs June 1, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Paul T. Sosnowski,* Assistant Counsel, with him, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*John R. Luke,* with him, *William D. Coholan, Grogan, Graffam, McGinley & Lucchino, P.C.,* for appellee.

OPINION BY JUDGE BARRY, September 15, 1988:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Allegheny County reversing the Board's order imposing a fine of eight hundred dollars ($800) upon K.V.M., Inc. (licensee) for having permitted the sale, furnishing or giving of liquor or malt or brewed beverages to a minor on January 24, 1986, in violation of Section 493(1) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1).

The Board issued a citation against the licensee. After a hearing, it issued an order imposing the fine of eight hundred dollars upon the licensee. The licensee appealed to the Court of Common Pleas of Allegheny County. which held a de novo. hearing and thereafter sustained licensee's demurrer to the Board's evidence and reversed the Board's order. This appeal followed.

In reviewing the decision of a trial court which, after hearing de novo, reverses a Board order, our review is limited to a determination of whether the order appealed from was supported by sufficient evidence and whether the trial court committed an error of law or abused its discretion. *New Sorrento, Inc. v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982).

At the hearing before the trial court, an enforcement officer for the Board testified that he entered the licensed premises at 11:30 p.m. and observed one Carol Harbin near the entrance, possessing a *tumbler* containing a beverage and consuming the beverage. He

later observed Ms. Harbin place the tumbler on a shelf. At this point, the enforcement officer approached the individual, sipped the beverage in the tumbler, and then questioned her as to her age. She was then taken to the police station where she admitted that the beverage she had been consuming was a type of "Mountain Cooler". The enforcement officer testified that, in his opinion, the beverage he sipped contained alcohol. He testified, however, that he did not know what the beverage in the tumbler was.

Ms. Harbin also testified. She stated that she had entered the licensee's premises and was not requested to produce any identification card. According to her, while on the licensed premises, she picked up a *bottle* and drank the beverage contained therein from it, *without anybody observing her do so*. She only had that one drink and she did not drink any beverage from a glass. The beverage she drank from the bottle was a "White Mountain Cooler." When she was asked how she knew this, she testified: "Somebody else said to try this White Mountain Cooler." Ms. Harbin admitted that she did not read the label on the bottle. Furthermore, when asked whether she believed the beverage she consumed was an alcoholic beverage, she first stated that she believed it was. Upon being asked the same question again, however, she stated that she "guessed" that it was and that she "[knew]" that it [was] now for "sure."

The trial court, in its opinion, set forth the following rationale for sustaining the licensee's demurrer to the Board's evidence:

> While the testimony was conflicting as to what occurred at the cited time and place, we resolved the credibility issue in favor of the Licensee because Harbin should know if she drank from a glass or a bottle and she should know what substance she drank. The PLCB did

not prove that the substance tasted by Officer Kosmur (from the glass) contained *any* alcohol.

It is apparent from the above excerpt that the trial court sustained the licensee's demurrer to the evidence because it concluded that the Board had failed to produce sufficient evidence showing that what the minor in this case had been drinking was liquor or a malt or brewed beverage. The trial court's statement that it resolved credibility issues in favor of the licensee, however, is confusing since a demurrer to the evidence has the effect of admitting the truth of all the evidence advanced by the adverse party and all reasonable and necessary inferences therefrom. *Vernon D. Cox & Co., Inc. v. Giles,* 267 Pa. Super. 411, 406 A.2d 1107 (1979).

It is the conclusion of this court that the trial court erred in sustaining the licensee's demurrer to the Board's evidence. The testimony of either witness in this case, as summarized above, was legally sufficient to establish that the minor had been drinking liquor. The testimony of the enforcement officer that the beverage he sipped from the tumbler he had observed the minor drinking from, in his opinion, contained alcohol and/or that the minor had admitted to having drunk "a type of Mountain Cooler", was, if accepted as being credible, *as it should have been for the purpose of the demurrer to the evidence,* legally sufficient to establish that the minor had consumed liquor on the licensed premises despite the fact that it was inconsistent with the testimony of the minor. Likewise, the minor's admission that she had sipped "White Mountain Cooler" from a bottle was also, if accepted as being credible for the purpose of the demurrer, legally sufficient to establish that she had consumed liquor, even though her testimony as to whether she believed that "White Mountain Cooler" was an alcoholic beverage at the time she drank it was

less than unequivocal. "White Mountain Cooler," it is not denied, denotes a beverage containing alcohol.[1]

While we conclude that the trial court erred in sustaining the licensee's demurrer to the Board's evidence, we are aware that this matter was heard de novo and that, as such, questions of evidentiary weight and credibility were for the trial court to determine. *Bobatas v. Pennsylvania Liquor Control Board,* 46 Pa. Commonwealth Ct. 537, 408 A.2d 164 (1979). It is because of this principle and because the trial court, in its opinion, has indicated that it did not believe portions of the Board's witnesses' testimony that we do not reverse the trial court and order reinstatement of the penalty imposed by the Board. Instead, we remand this matter to the trial court with instructions that it issue a new decision, in which, unlike its present opinion, the portions of the testimony of the two Board witnesses that it rejects as being not credible are clearly identified.

If the trial court rejects, as being not credible, all those portions of testimony that this court herein has held to be legally sufficient to establish that the minor consumed liquor, then its reversal of the Board's order

---

[1] The trial court, in sustaining the licensee's demurrer, did not take the position that the Board's evidence was legally insufficient to establish that the licensee had permitted the sale, furnishing or giving of the beverage that the minor had consumed to the minor. The licensee, on page 6 of its brief, asserts this position, although it does not set forth any further argument in support of it. We conclude that the Board's evidence was legally sufficient to prove that the licensee had permitted the furnishing or giving of the beverage to the minor, inasmuch as it establishes that the minor was able to obtain possession of either a glass or bottle containing an alcoholic beverage while on the licensed premises. This court has held that a licensee "permits" alcoholic beverages to be sold, furnished or given to a minor if he or she "acquiesces by failing to prevent the same." *Banks Liquor License Case,* 78 Pa. Commonwealth Ct. 159, 467 A.2d 85, 88 (1983).

would still be proper, even though its sustaining of the licensee's demurrer to the evidence was not. The same can be said if the trial court rejects, as being not credible, any portion of the testimony of the two Board witnesses that must be accepted if the Board's finding that the licensee permitted the sale, furnishing or giving of the beverage the minor drank is to be sustained.

ORDER

Now, September 15, 1988, the order of the Court of Common Pleas of Allegheny County, dated May 28, 1987, at No. S.A. 163 of 1987, is hereby vacated. This matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.