581 A.2d 249

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Phyllis Ann SCHRAF, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 27, 1990.

Decided Sept. 20, 1990.

Reargument Denied Nov. 8, 1990.

David R. White, Asst. Counsel, with him, Timothy P. Wile, Asst. in Charge, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

Thomas W. King III, Dillon, McCandless & King, Butler, for appellee.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge:

The Commonwealth's Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Butler County which sustained an appeal of Phyllis Ann Schraf (Schraf) and reversed DOT's one year suspension of Schraf's license pursuant to 75 Pa.C.S. § 1547 (refusal to submit to chemical testing).

Officer John R. Hays of the Butler Township Police Department testified that he was called to investigate an auto accident. Upon arriving at the scene, Hays found an automobile partially off the road in a ditch. Schraf was sitting in the auto. Hays noticed the smell of alcohol inside of the automobile. Schraf was arrested and charged with driving under the influence in violation of 75 Pa.C.S. § 3731 by Hays after she failed to adequately perform roadside sobriety tests. Hays then read the implied consent law to Schraf and informed her of the consequences of a refusal. After being taken to the Butler Township Police Station, she agreed to take the breath test. After being instructed on how to blow into the testing machine, Schraf provided sufficient breath which produced a reading of .139. When Schraf was given a second test pursuant to 67 Pa.Code § 77.24, she, on this occasion, failed to provide sufficient breath; Hays testified that Schraf was not making a tight seal around the mouthpiece. Hays also testified that the machine completed its cycle and time ran out for providing the second test. Hays informed Schraf that the failure to provide sufficient breath would constitute a refusal and again showed her how to use the testing machine. Less than twenty minutes after the first breath test, Schraf provided a sufficient sample which registered a reading

of .158. On the next test as required by the above cited departmental regulation, Schraf again failed to make a tight seal with her mouth on the mouthpiece and did not provide a sufficient sample. Hays then informed Schraf that he considered her to have refused the test.

DOT notified Schraf that her license was being suspended for one year because of the refusal to submit to the test. She filed an appeal to the Court of Common Pleas of Butler County. At the hearing held on that appeal, Hays testified concerning the events described above. At the close of DOT's evidence, Schraf demurred to the evidence.[1] The trial court granted the demurrer and sustained Schraf's appeal. DOT now has appealed to this Court.

In *Ostrander v. Department of Transportation, Bureau of Driver Licensing,* 116 Pa.Commonwealth Ct. 243, 246, 541 A.2d 441, 442 (1988), we stated:

> It is well settled that in order to establish a *prima facie* case of a Section 1547(b) suspension, the Department must prove: 1) that the defendant was placed under arrest upon the charge of driving while intoxicated, and the arresting officer had reasonable grounds to believe the defendant was driving while intoxicated; 2) that he was requested to submit to the breathalyzer test; and 3) he failed to do so. *Where the issue is raised,* the Commonwealth must also establish that it fulfilled its duty under Section 1547(b)(2) of warning a driver that his operating privileges will be suspended or revoked upon refusal to submit to a chemical test.

(Emphasis in original.) We must remember that, in the present case, the trial court sustained Schraf's appeal based upon her demurrer to DOT's evidence. When demurring to the evidence the moving party is "admitting the truth of all the evidence advanced by the adverse party and all reasonable and necessary inferences therefrom." *Pennsylvania*

---

1. While we are unaware of the use of a "demurrer" in statutory appeals, we believe that a defendant must be given the opportunity to challenge the sufficiency of the plaintiff's case before being required to present evidence in his or her own behalf.

*Liquor Control Board v. K.V.M., Inc.*, 119 Pa. Commonwealth Ct. 458, 461, 547 A.2d 517, 519 (1988). As all of Hays' testimony must be accepted as true, it cannot seriously be questioned for purposes of ruling on a demurrer that Hays had reasonable cause to believe that Schraf was driving under the influence, that she was placed under arrest for driving while intoxicated, that she was requested to take a breath test and that Hays gave Schraf the appropriate warnings as required. The sole question therefore before us is whether the evidence showed the necessary refusal of Schraf to take the test. Of course, the refusal to supply a sufficient breath sample is a refusal, *Pennsylvania Department of Transportation v. Berta*, 120 Pa. Commonwealth Ct. 558, 549 A.2d 262 (1988), unless the motorist offers medical evidence that he or she was unable to provide sufficient breath. *Department of Transportation, Bureau of Traffic Safety v. Jones*, 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978).

We are thus left with the question of the trial court's interpretation of 67 Pa.Code § 77.24 which states that "procedures for alcohol breath testing shall include, at a minimum: (1) Two *consecutive actual* breath tests, without a required waiting period between the two tests." [2] The trial

---

2. In *Department of Transportation, Bureau of Traffic Safety v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987), the Court held that when police requested a driver to submit to a second breath test, the police had to establish that such request was reasonable. We relied upon *McFarren* in our decision in *Department of Transportation, Bureau of Driver Licensing v. Penich*, 112 Pa. Commonwealth Ct. 303, 535 A.2d 296 (1988), where police requested the driver to submit to a *third* test after he had taken two breath tests. In both cases, the suspensions for the subsequent refusals were reversed because of the unbridled discretion given to police. However, the refusal in *McFarren* took place before the effective date of 67 Pa.Code § 77.24, and the refusal in *Penich*, while occurring after the effective date of the regulation, was to a third test. In *Bush v. Commonwealth*, 112 Pa. Commonwealth Ct. 510, 535 A.2d 754 (1988), the refusal to take the second test occurred after the regulation had gone into effect. There, we upheld the suspension, holding that the promulgation of the regulation was within DOT's power and that the regulation met the concerns expressed in *McFarren*. We, therefore, held that a request for a *second* test was per se reasonable. As the testing in the present case occurred well after the effectiveness of the regulation, we have no *McFarren*

court in this case ruled that Schraf had complied with the regulation. As the court explained:

There is some ambiguity that exists in 67 Pa.Code § 77.24(b)(1). In a period of twenty minutes, the defendant provided two readings. These two readings were separated by one deficient sample reading. However, two consecutive actual breath tests were obtained. As for the required waiting period of twenty minutes between the two tests, only fifteen minutes had elapsed from the time of the first unsuccessful attempt until the second successful reading. This would indicate that in actuality the two breath tests required under Section 77.24(b)(1), were the two successful readings, and there was not a twenty minute period between the two successful readings.

(Opinion of Brydon, J., 3/23/90, p. 4).[3]

 DOT argues that the trial court's interpretation of the regulation is erroneous, in that it omits the word "actual" from the regulation. DOT argues that "actual" in this context requires a test at which a valid reading is obtained. It is well settled that an administrative agency's interpretation of its own regulation is entitled to deference unless the interpretation is clearly erroneous. *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945); *Pelton v. Department of Public Welfare*, 514 Pa. 323, 523 A.2d 1104 (1987). In *Flickinger v. Department of Transportation*, 119 Pa. Commonwealth Ct. 315, 547 A.2d 476 (1988), we upheld a suspension for failure to provide a second breath test before the machine went through its cycle and purged itself. In the present case, Hays testified that when Schraf failed to provide sufficient breath on the first unsuccessful test, the breathalyzer's time ran out. Furthermore, we must agree with DOT that the trial court's interpretation of the regulation

problems. Likewise, as the refusal here was to the *second* test, we need not consider *Penich*.

3. The "waiting period" is a one-time requirement whereby the police must observe the individual for twenty minutes before administering the *initial* breath test. 67 Pa.Code § 77.24(a).

has the effect of reading out the word "actual". For all of these reasons, we must conclude that the trial court erred in granting the demurrer in this case.[4] *See Vasiliades v. Department of Transportation, Bureau of Driver Licensing,* 134 Pa.Commonwealth Ct. 7, 578 A.2d 981 (1990);

As Schraf points out, she did not present any evidence on her own behalf because the trial court granted the demurrer. Accordingly, we must remand the matter to the trial court so that she can present evidence in her defense.

Vacated and remanded.

## ORDER

NOW, September 20, 1990, the order of the Court of Common Pleas of Butler County, dated January 8, 1990, at No. Ms.D. 89–081 is vacated and the matter is remanded to that court for further proceedings.

Jurisdiction relinquished.

---

4. The trial court also relied on *Department of Transportation, Bureau of Driver Licensing v. Wixon,* 116 Pa.Commonwealth Ct. 418, 541 A.2d 853 (1988). That case, however, is inapplicable as the testing there took place prior to the effective date of Section 77.24. While that opinion gives no dates, we note that the common pleas docket number indicates that the appeal there was filed in October of 1984 while Section 77.24 did not go into effect until December of 1984.