## Commonwealth v. Cavey

*Charles McCardell, deputy counsel-in-charge,* for the Commonwealth.

*Terri L. Cavey,* in propria persona.

SMITH, *J.*, June 10, 1991—This case is before this court on appeal from the Department of Transportation's one-year suspension of Terri Cavey's driver's license. A hearing was held May 9, 1991.

The transcript of the hearing reveals that Officer Soule had reasonable grounds to believe that Mrs. Cavey was driving under the influence on December 7, 1990. He placed Mrs. Cavey under arrest and issued the implied consent warning for chemical tests of her blood. Mrs. Cavey agreed to take a breath test, so Officer Soule transported her to the Media Police Department. The first test was administered without any problems and indicated a reading of 0.18 percent. Pursuant to 67 Pa. Code §77.24(1), Officer Soule attempted to administer a second breath test to Mrs. Cavey, but the test was aborted because she failed to supply sufficient air.

The printout tape read, "test refused." The officer advised Mrs. Cavey that if she did not give the proper amount of air it would be considered a refusal and her license would be suspended for one year. The officer gave her several chances to complete the test but she still failed to supply enough air. Officer Soule advised Mrs. Cavey that he would take her to Riddle Memorial Hospital for a blood test. Mrs. Cavey's husband told Officer Soule that his wife would not go to the hospital for a blood test; Mrs. Cavey was silent. At this point the officer processed her and the Department of Transportation suspended her license for one year.

Mrs. Cavey's appeal raises the question of whether the refusal of an operator of a motor vehicle to submit to a second breath test to determine blood alcohol content, as required by 67 Pa. Code §77.24, violates section 1547 of our Vehicle Code,[1] which requires the operator of a motor vehicle to submit to one or more chemical tests, and therefore warrants suspension of the operator's license. After due deliberation, we find that section 77.24, the Department of Transportation regulation requiring two breath tests, is invalid. Consequently, the Department of Transportation may not suspend a person's driver's license for refusal to submit to a second breath test after she has already successfully completed one breath test.[2]

Before the Department of Transportation promulgated 67 Pa. Code §77.24, the Supreme Court of our Commonwealth held that it was unconstitutional for a policeman to require the operator of a motor

---

1. 75 Pa.C.S. §1547 (1984) (originally enacted as Act of December 15, 1982, P.L. 1268, No. 289, §5).

2. We defer for another time discussion with regard to a husband's refusal to permit his wife to submit to a blood test.

vehicle to submit to a second breath test after a valid result was already obtained, without reasonable grounds for the request. *Commonwealth, Dept. of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987). The Supreme Court in *McFarren* reasoned that requesting a driver to take a second breath test, without reasonable grounds, violated Article 1, section 8 of the Constitution of our Commonwealth and Article 4 of the U.S. Constitution, which grants citizens the right to be secure from unreasonable searches and seizures.[3] *Id.* In addition, the court in *McFarren* held that it is not reasonable to demand a second chemical test solely for the purpose of securing more evidence to guarantee a conviction. Applying *McFarren* to the present case, it is clear that Officer Soule's request was unreasonable, as he had no other reason to give Mrs. Cavey a second test except to confirm the accuracy of the first one.

However, following the promulgation of section 77.24 in 1984, the Commonwealth Court has consistently held that *McFarren* is no longer applicable. See, e.g., *Bush v. Commonwealth,* 112 Pa. Commw. 510, 535 A.2d 754 (1988); *Commonwealth, Dept. of Transportation v. Schraf,* 135 Pa. Commw. 246, 581 A.2d 249 (1990). In *Bush,* which presented a fact situation identical to the case before us, the court held that a driver's refusal to submit to a second breath test is a violation of section 1547 of the Vehicle Code and will result in the suspension of that person's license. *Bush v. Commonwealth, supra.* The court in *Bush* held that *McFarren* was inapplicable because it concerned an incident which

---

3. Obtaining a chemical test of breath to determine blood alcohol content is a search and seizure. *McFarren, supra;* see also, *Commonwealth v. Funk,* 254 Pa. Super. 233, 385 A.2d 995 (1978).

occurred prior to 67 Pa. Code §77.24. The court in *Bush* further held that the provision requiring two consecutive actual breath tests was reasonable as a matter of law. A more recent case, *Schraf,* affirms the reasoning of *Bush. Schraf* at n.1. In *Schraf* the driver submitted to a total of four breath tests; in the first, a reading of 0.139 percent was obtained, the second was inadequate, the third produced a reading of 0.158 percent, and the fourth was also inadequate. Because section 77.24 plainly requires the completion of two *consecutive* actual breath tests, the officer deemed the driver to have refused consent and her license was suspended. The Commonwealth Court affirmed the suspension.

If we were to apply *Bush, Schraf,* and other post-section 77.24 cases to the present case (since the incident in question took place after section 77.24 was in effect) we would be forced to conclude that Mrs. Cavey refused to consent to a breath test for the purpose of section 1547 of the Motor Vehicle Code and the suspension of her license must be upheld. This would clearly be an injustice, as Mrs. Cavey did in fact consent to one breath test and a valid result was obtained. We believe that a regulation which demands such a result is unreasonable. In addition, in light the Supreme Court's opinion in *McFarren,* such a regulation is unconstitutional.

Title 67 Pa. Code §77.24 is not reasonable because it penalizes the class of persons which it was designed to protect.[4] While there is no legislative

---

4. Where an administrative regulation is adopted pursuant to the agency's legislative rule-making power, its validity must be based upon whether it is "(a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable." *Bush v. Commonwealth,* quoting *Pennsylvania Human Relations Comm. v. Uniontown Area School District,* 455 Pa. 52, 77, 313 A.2d 156, 169 (1973).

history on section 77.24, it appears that it was adopted in order to protect drivers suspected of driving under the influence from being convicted on the basis of an inaccurate test result. Requiring two consecutive actual tests is one way to ensure the accuracy of the readings. Another factor in concluding that the requirement is for the driver's benefit is that only the lower of the two readings may be used as evidence. 67 Pa. Code §77.24(b)(2). The second test may not be used for the purpose of gaining additional evidence to secure a conviction. See *id.;* see also, *McFarren.* In effect, the second breath test is a *right,* designed to protect the driver. The driver should be allowed to waive this right (accepting the consequence that the first reading, if above 0.10 percent, may be used to convict her) without being penalized by having her license suspended for one year. Section 77.24, however, demands that a driver who refuses to submit to a second breath test after she has already consented to one successful test will have her license suspended for one year. This regulation, which penalizes the person whom it is supposed to protect, is not reasonable and is therefore invalid.

Section 77.24 is also invalid because it is unconstitutional. In *McFarren* the Supreme Court held that requiring a driver to submit to a second breath test without reasonable grounds violates the constitutional right to be secure from unreasonable

---

In *Bush,* the court found that 67 Pa. Code §77.24 was clearly within the Department of Transportation's legislative rule-making authority, and that no procedural challenge has been made. In addition, the court found that section 77.24 was reasonable, as it does not grant the police the type of unbridled power which the *McFarren* court feared. However, this reasoning suggests only that the regulation is not unconstitutional; it does not necessarily follow that the regulation is not unreasonable.

searches and seizures. *McFarren, supra.* While our legislature has recognized the dangers of drunk driving and has enacted amendments designed to curb the menace, they have also taken care to safeguard our right to be free from unreasonable searches and seizures. Therefore, they have required *reasonable suspicion* before the police may request a motorist to submit to pre-arrest breath testing,[5] and *reasonable grounds* to believe the motorist is under the influence before chemical tests of her breath, blood and urine may be given.[6] Since reasonable grounds are required to justify the first breath test, they should also be required to justify a second intrusion. *McFarren, supra.* The first breath test contains all the evidence necessary for the Commonwealth to make a case against the driver for driving under the influence; a second test is an unnecessary and unwarranted invasion of privacy. See *id.* Requiring only one breath test adequately balances the interest of our Commonwealth in apprehending and convicting drunk drivers with our citizens' interest in being free from unreasonable searches and seizures.

In promulgating section 77.24, the Department of Transportation has ignored our Supreme Court's ruling in *McFarren* that it is unconstitutional to require two consecutive breath tests, despite the determination of our legislature and courts that an administrative regulation must not violate an individual's constitutional rights.[7] We find ourselves unable to ignore the holding of the Supreme Court and

---

5. 75 Pa.C.S. §1547(k).

6. 75 Pa.C.S. §1547(a).

7. "The rules, regulations and standards of the regulatory agency must be reasonable, understandable, available, and must not violate the constitutional rights of any citizen." *Bortz Coal Co. v. Air Pollution Comm.,* 2 Pa. Commw. 441, 279 A.2d 388 (1971); cf. 1 Pa.C.S. §1922(3).

thereby permit the Department of Transportation to overrule a finding of constitutional dimension made by the Commonwealth's highest court. Accordingly, we enter the following

## ORDER

And now, June 10, 1991, we hereby grant respondent's appeal and reinstate her operating privileges.

---

In *McFarren* the court was called upon to interpret section 1547(a) rather than section 77.24, but the same reasoning applies to both. Regarding section 1547(a), the court said that the legislature may not violate the Fourth Amendment's proscription against unreasonable searches and seizures. By analogy, the Department of Transportation may not violate the Constitution in promulgating section 77.24.