550 A.2d 272

Margaret A. Swift, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs June 14, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Steven D. Gladstone,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE MCGINLEY, November 15, 1988:

Margaret A. Swift (Swift) appeals from an order of the Court of Common Pleas of Monroe County (trial court) which affirmed the decision of the Pennsylvania Department of Transportation (DOT) suspending her operating privileges within the Commonwealth of Pennsylvania for one year pursuant to her conviction before a United States Magistrate for driving under the influence, a violation of 36 C.F.R. §4.6. We reverse.

Swift, a Florida licensed operator and employee of the Fernwood Resort in Monroe County, Pennsylvania was arrested by a federal officer for driving under the influence while traveling on U.S. Route 209 within the Delaware Water Gap Recreation Area, a territory within the exclusive jurisdiction of the National Park Service of the Department of Interior. On November 20, 1986, Swift pleaded guilty to driving under the influence before the United States Magistrate in Stroudsburg, Pennsylvania. Pursuant to an Enforcement Agreement[1] entered into between the National Park Service and the Commonwealth of Pennsylvania, Swift's conviction for

---

[1] 16 Pa. B. 173 (1986).

driving under the influence was reported to DOT by the Clerk of Court of the United States District Court for the Middle District of Pennsylvania. DOT, in turn, notified Swift that her operating privileges were being suspended for a period of one year as a result of her conviction for driving under the influence. Swift appealed to the trial court, but did not testify at the hearing *de novo*. The trial court in affirming the suspension concluded that pursuant to the Enforcement Agreement, DOT properly suspended Swift's operating privileges. Swift appeals.

Our scope of review of a decision by a trial court in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether erroneous conclusions of law have been made, or whether the decision of the trial court demonstrates a manifest abuse of discretion. *Department of Transportation v. Viglione*, 113 Pa. Commonwealth Ct. 198, 537 A.2d 375 (1988).

Swift presents three issues for our review. First, Swift contends that she was not convicted for the offense stated in DOT's notice of suspension or any other enumerated offense which would render her subject to suspension under Section 1532 of the Vehicle Code.[2] Second, Swift contends the Enforcement Agreement between the National Park Service and the Commonwealth only authorizes suspension of Pennsylvania licensed drivers. Third, Swift contends that the federal offense for which she was convicted is not essentially similar to the Pennsylvania driving under the influence statute thereby precluding suspension under the Enforcement Agreement. We need only address Swift's second contention and find that the Enforcement Agreement between the National Park Service and the Commonwealth only authorizes suspension of Pennsylvania licensed drivers.

---

[2] 75 Pa. C. S. 1532(b).

138

The Enforcement Agreement provides in pertinent part:

Now, therefore, Pennsylvania and Service agree to enter into the following Enforcement Agreement:

1. Service agrees to report to Pennsylvania, through the Office of the Clerk of Court of the United States District Court for the Middle District of Pennsylvania, any and all convictions of *Pennsylvania licensed drivers* for the following offenses occurring along U.S. Route 209 within the Delaware Water Gap National Recreation Area: 36 C.R.R. §4.6 (Driving Under the Influence of Intoxicating Liquor or Drugs);[3] (Emphasis added.)

The trial court's Finding of Fact No. 1 states "Margaret A. Swift is licensed to operate a motor vehicle by the State of Florida, but does not hold a Pennsylvania driver's license." The trial court did not find that Swift is a resident of Pennsylvania. Further, the trial court did find that the offense occurred in the Delaware Water Gap National Recreation Area which is within the exclusive jurisdiction of the National Park Service of the United States Department of Interior. As indicated by the provisions of the Enforcement Agreement set forth above, said agreement only authorizes the National Park Service to report convictions of *Pennsylvania licensed drivers*. The trial court's conclusion that the Enforcement Agreement authorized the National Park Service to report to DOT the conviction of a non-resident of Pennsylvania holding a Florida driver's license for purposes of suspension is clearly erroneous. The order of the trial court is reversed and Swift's appeal from DOT's notice of suspension is sustained.

---

[3] 16 Pa. B. at 173 (1986).

## ORDER

AND NOW, November 15, 1988, the order of the trial court is reversed and Swift's appeal from DOT's Notice of Suspension is sustained.

Judge MACPHAIL did not participate in the decision in this case.