# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine Ann Flaherty        :
                                  :

             v.               :    No. 635 C.D. 2017

                                  :    Submitted: March 2, 2018

Commonwealth of Pennsylvania,    :

Department of Transportation,     :

Bureau of Driver Licensing,       :

                 Appellant    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE ELLEN CEISLER, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: May 11, 2018**

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the May 4, 2017 Order of the Court of Common Pleas of Allegheny County (common pleas), which sustained the statutory appeal of Catherine Ann Flaherty (Licensee) from an 18-month suspension of her operating privilege by DOT pursuant to Section 1547(b)(1)(ii) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(ii), commonly referred to as the Implied Consent Law.[1] On

---

[1] Section 1547(b)(1)(ii) provides as follows:

> (1) If any person placed under arrest for a violation of section 3802 [of the Vehicle Code] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

appeal, DOT argues that common pleas erred when it, *sua sponte*, raised the issue that DOT Form DL-26A does not inform a licensee that she is required to take two breath tests, which omission, common pleas then concluded, resulted in Licensee not being sufficiently warned that her failure to take two breath tests would constitute a refusal and the suspension of her operating privilege.  After review, we reverse and reinstate the 18-month suspension of Licensee's operating privilege because Licensee was told she had to submit to two breath tests, which, under longstanding precedent, was sufficient.

DOT informed Licensee that her operating privilege was suspended for 18 months as a result of her refusal to submit to a chemical test of her breath on November 23, 2016.  Licensee appealed to common pleas pursuant to Section 1550(a) of the Vehicle Code, 75 Pa. C.S. § 1550(a),[2] and a hearing was held. Licensee proceeded pro se at the hearing.

The following testimony was presented at the hearing.  Police Officer Leonard Mesarchik (Officer) of the Forest Hills Police Department testified as follows.  On

----

. . . .
    (ii)  For a period of 18 months if any of the following apply:
        (A) The person's operating privileges have previously been suspended under this subsection.
        (B) The person has, prior to the refusal under this paragraph, been sentenced for:
            (I)   an offense under section 3802;
            (II)  an offense under former section 3731;
            (III) an offense equivalent to an offense under subclause (I) or (II); or
            (IV) a combination of the offenses set forth in this clause.

75 Pa. C.S. § 1547(b)(1)(ii).  The record is unclear on what basis Licensee received an 18-month suspension of her operating privilege.

   [2] Section 1550(a) of the Vehicle Code provides that "[a]ny person . . . whose operating privilege has been . . . suspended . . . by the department shall have the right to appeal to the court vested with jurisdiction of such appeals . . . ."  75 Pa. C.S. § 1550(a).

November 23, 2016, at approximately 8:00 p.m., he responded to a single car crash "virtually right next door to the police station." (Reproduced Record (R.R.) at 11a.) Emergency medical services (EMS) had already responded to the scene by the time Officer arrived. The EMS responders told Officer that they had seen a vehicle make a turn, then veer into the oncoming lane, jump the sidewalk, and crash into a telephone pole. The vehicle sustained substantial front-end damage and could not be driven from the scene. Officer approached the vehicle and recognized the occupant, Licensee, with whom he had previously interacted. Officer asked Licensee what had happened, but he "couldn't really get a straight answer." (*Id.* at 13a.) During their conversation, Officer detected an odor of alcohol emanating from Licensee's breath. Officer asked Licensee to exit the car but she initially refused, stating, "[y]ou're going to arrest me." (*Id.* at 15a.) Once Officer convinced Licensee to exit the vehicle, she stumbled and Officer grabbed her arms. Officer noticed that Licensee's eyes were bloodshot; however, Licensee was not slurring her speech. Licensee did not appear injured. Licensee agreed to submit to a portable breath test, which registered "[a] high alcohol reading." (*Id.* at 16a.)

Officer then requested that Licensee submit to a breath test. Explaining this to Licensee, Officer testified, "was a long process," about 10 minutes of conversation, because "[s]he wasn't comprehending this, or wasn't listening." (*Id.* at 17a-18a.) Officer advised Licensee that if she did not submit to a breath test, she would lose her license for a year. Officer escorted Licensee to his police vehicle to transport her to Edgewood Police Department because Forest Hills' breath machine was "out of service." (*Id.* at 18a.) Officer then handed Licensee over to Sergeant Michael Libell (Sergeant) of the Edgewood Police Department to handle the breath test. Licensee declined to cross-examine Officer. (R.R. at 22a.)

Sergeant testified as follows. He read to Licensee DOT Form DL-26A, which states as follows:

It is my duty as a police officer to inform you of the following:

1.      You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2.      I am requesting that you submit to **a** chemical test of breath.

3.      If you refuse to submit to **the breath test**, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months. In addition, if you refuse to submit to the breath test, and you are convicted of violating Section 3802(a)(1) (relating to impaired driving) of the Vehicle Code, then because of your refusal, you will be subject to more severe penalties set forth in Section 3804(c) (relating to penalties) of the Vehicle Code. These are the same penalties that would be imposed if you were convicted of driving with the highest rate of alcohol, which include a minimum of 72 consecutive hours in jail and a minimum fine of $1,000.00, up to a maximum of five years in jail and a maximum fine of $10,000.

4.      You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a breath test, you will have refused the test.

(*Id.* at 45a (emphasis added).)

Sergeant testified that he told Licensee that she had to provide **two** valid breath samples. (*Id.* at 30a.) Licensee responded that she would submit to the breath test. Sergeant explained to Licensee how to take the breath test. She would have to inhale deeply and exhale for about 30 seconds in order for the breathalyzer to read her blood alcohol content (BAC). Explaining the process for taking the breath test to Licensee, Sergeant testified, was "a long, drawn out procedure" because Licensee,

4

throughout the time she interacted with Sergeant, "was combative, verbally hostile, cursing and crying." (*Id.* at 29a.) Nevertheless, Licensee did complete the first breath test, registering a BAC of .258, which is more than three times the legal limit. After the first test, Licensee was more hysterical. She was crying and cursing, saying that she was going to go to jail, that she was "not doing this[,]" and that she was going to lose her license. (*Id.* at 31a.) At that point, Licensee had approximately three minutes within which to provide a second breath sample. Licensee attempted to provide a second breath sample, but she would not blow continuously so that the breathalyzer could read her BAC. Sergeant thought that Licensee "was playing games," and "she just did not want to participate." (*Id.* at 31a.) Sergeant warned Licensee that if she did not blow continuously into the breathalyzer, the breathalyzer would deem Licensee's attempt a refusal. Licensee responded by cursing at Sergeant. Since Sergeant was "not there to take this kind of verbal abuse from [a person he was] trying to help through the procedure[,]" Sergeant deemed Licensee's attempt a refusal. (*Id.*) The breathalyzer, Sergeant noted, had shut itself down because it had not received a valid sample. DOT had entered into evidence printouts showing that the breathalyzer was properly calibrated and that Licensee provided a deficient sample. (*Id.* at 35a, 48a-57a.) Licensee also declined to cross-examine Sergeant. (*Id.* at 37a.)

DOT then rested. Common pleas asked Licensee for her response, and she stated that she did not verbally refuse the breath tests and that she submitted to or attempted to submit to the breath test twice. (*Id.* at 38a.) Common pleas explained to Licensee that the second time, as Sergeant testified, she was "just . . . fooling around," and the second breath sample she provided was invalid, which, in the eyes of the law, was the same as a refusal. (*Id.*) As common pleas was confirming the

5

state of the law with DOT Counsel, common pleas interjected "that the failure to take a second test is not covered in the [DOT Form DL-26A]" and that, in fact, it appeared Licensee had complied with the requirements of DOT Form DL-26A, which only refers to refusing to submit to "a breath test" and not refusing "to submit to two breath tests." (*Id.* at 39a-40a.) Common pleas added that Section 1547 of the Vehicle Code does not require two breath tests, to which DOT Counsel responded that two tests were required by DOT regulations. Common pleas replied that if DOT regulations required two breath tests, then two breath tests needed to be in DOT Form DL-26A. (*Id.* at 41a.) DOT Counsel then pointed out that there is no requirement that what constitutes a refusal be explained to a licensee. Common pleas then sustained Licensee's appeal, explaining that DOT Form DL-26A "needs to say two breath tests."[3] (*Id.* at 42a.)

Upon DOT's filing of the notice of appeal, common pleas ordered DOT to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b) (Rule 1925(b) Statement). DOT did so, arguing that it was error for common pleas to excuse Licensee's failure to provide a second valid breath sample on the basis that she had not been informed that her failure to do so would result in the suspension of her license, and that Sergeant had told Licensee of the requirement. (R.R. at 68a.)

In common pleas' opinion issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), common pleas explained that while Section 77.24 of DOT's regulations, 67 Pa. Code § 77.24, requires two breath tests, DOT Form DL-26A is deficient because it refers to only a single test. (Common Pleas Opinion at 4). Common pleas concluded Licensee was

---

[3] At the conclusion of the hearing, Licensee acknowledged to common pleas that she "had a relapse that day." (R.R. at 42a.)

6

not sufficiently informed that two breath tests were required in order to avoid a refusal and the suspension of her license and, therefore, the Order sustaining Licensee's statutory appeal should be affirmed. (*Id.* at 4-6.)

On appeal,[4] DOT initially argues that it was error for common pleas to raise, *sua sponte*, the issue of whether DOT Form DL-26A is deficient because it does not refer to two breath tests. On the merits, DOT argues that common pleas erred as a matter of law and abused its discretion when it concluded that DOT Form DL-26A had to advise Licensee that she was required to submit to two breath tests. DOT notes that the Pennsylvania Constitution does not require any implied consent warnings and, thus, the only warnings are those required by Section 1547(b)(2) of the Vehicle Code and the Pennsylvania Supreme Court in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 877-78 (Pa. 1989). Further, DOT asserts, there is no requirement that the implied consent warnings contain any specific wording. DOT Form DL-26A, which Sergeant read to Licensee, contains both the warnings required by Section 1547(b)(2) of the Vehicle Code and *O'Connell*. In short, "there is no constitutional, statutory or regulatory requirement for the DL-26A form to include advice to a person requested to submit to a breath test that she must complete two breath samples in order to complete a breath test." (DOT's Brief at 23.) In any event, DOT notes, Sergeant told Licensee that she needed to give two breath samples in order to complete the breath test satisfactorily.

---

[4] "Our standard of review is limited to determining whether common pleas committed an error of law, whether common pleas abused its discretion, or whether the findings of fact are supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018).

Licensee argues that common pleas did not, *sua sponte*, raise the issue of whether DOT Form DL-26A is deficient because it does not refer to two breath tests. Rather, Licensee claims that she raised the issue herself and argued that she complied with what Sergeant told her, which was to complete one breath test. According to Licensee, she argued to common pleas that Sergeant did not tell her she had to complete two breath tests. Moreover, Licensee notes, DOT was given an opportunity to address the issue of whether the law required that she be informed of the need to complete two breath tests, and DOT argued that there was no such requirement under the law. On the merits, Licensee argues that she was not sufficiently warned that two breath tests were required in order to avoid a refusal and the suspension of her operating privilege. DOT Form DL-26A is inaccurate and misleading, Licensee continues, because it refers only to a single breath test, despite the fact Section 77.24(b) of DOT's regulations requires two breath tests. Thus, not only was Licensee not sufficiently warned, but any refusal on her part was not knowing and conscious. Further, there was no credible evidence that Sergeant told Licensee she had to submit to two breath tests and, even if there was, there was no evidence that Sergeant told Licensee that if she did not submit to two breath tests, it would constitute a refusal and her operating privilege would be suspended.

Initially, we note that while not argued by Licensee, DOT never raised in its Rule 1925(b) Statement the fact that common pleas' error was not only in ruling that DOT Form DL-26A had to advise Licensee of the requirement of two breath tests, but that common pleas erred in raising that issue *sua sponte*. As our Supreme Court has said,

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when

8

so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; **the Rule's provisions are not subject to** *ad hoc* **exceptions or selective enforcement**; appellants and their counsel are responsible for complying with the Rule's requirements; **Rule 1925 violations may be raised by the appellate court** *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (emphasis added). There is a distinction between the two contentions DOT makes, one is substantive and the other procedural, and the former does not subsume the latter. *See City of Phila. v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016) (noting the difference between a substantive challenge and one to the trial court's jurisdiction, the latter of which appellant did not raise in his Rule 1925(b) statement). Since DOT did not assert in its 1925(b) Statement that common pleas raised an issue not raised by the parties, that particular issue is waived.

Therefore, we proceed to address the merits of DOT's argument. Section 1547(a) of the Vehicle Code provides, in relevant part:

> (a)　　General Rule.--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to **one or more** chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section . . . 3802 (relating to driving under influence of alcohol or controlled substance) . . . .

75 Pa. C.S. § 1547(a) (emphasis added). If a licensee refuses to submit to a request for chemical testing, the testing shall not be conducted, but DOT shall suspend the

9

operating privilege of the licensee, in this case, for 18 months. 75 Pa. C.S. § 1547(b). Section 1547(b)(2)(i) of the Vehicle Code requires an officer to inform the licensee, as relevant here, that her "operating privilege will be suspended upon refusal to submit to **chemical testing**." 75 Pa. C.S. § 1547(b)(2)(i) (emphasis added). Section 1547 of the Vehicle Code does not require that two breath tests be administered, nor require an officer to inform a licensee that two breath tests will be required. DOT, however, was directed to promulgate Section 77.24 of DOT's regulations pursuant to "the legislative mandate of 75 Pa. C.S. § 1547(c)(1)," *Bush v. Commonwealth*, 535 A.2d 754, 755 (Pa. Cmwlth. 1988), which provides, in relevant part, that "[c]hemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the Departments of Health and Transportation," 75 Pa. C.S. § 1547(c)(1). Section 77.24(b) of DOT's regulations in turn, sets forth that "[t]he procedures for alcohol breath testing shall include, at a minimum: (1) Two consecutive actual breath tests, without a required waiting period between the two tests." 67 Pa. Code § 77.24(b). DOT's regulations do not require an officer to inform a licensee that she will have to submit to two breath tests, and DOT Form DL-26A does not contain this information.

In order to suspend Licensee's operating privilege for refusing to submit to a chemical test of her breath, DOT had to prove that:

> (1) Licensee was arrested for violating Section 3802 of the Vehicle Code by a police officer who had "reasonable grounds to believe" that Licensee was operating or was in actual physical control of the movement of a vehicle while in violation of Section 3802 (i.e., while driving under the influence); (2) Licensee was asked to submit to a chemical test; (3) Licensee refused to do so; and (4) Licensee was specifically warned that a refusal would result in the suspension of [her]

> operating privileges and would result in enhanced penalties if [s]he was later convicted of violating Section 3802(a)(1).

*Martinovic v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005). The only warnings required to be given to a licensee are those contained in Section 1547(b)(2) of the Vehicle Code and by our Supreme Court in *O'Connell*.[5] *Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 736 (Pa. Cmwlth. 2017) (stating that "there is no constitutional requirement for a police officer to provide any implied consent warnings to a driver arrested for DUI"). Section 1547(b)(2) of the Vehicle Code does not require that the implied consent warnings contain any specific wording. *Yourick v. Dep't of Transp., Bureau of Driver Licensing*, 965 A.2d 341, 345 (Pa. Cmwlth. 2009). Rather, the warnings "must merely 'inform' a licensee that his/her 'operating privilege will be suspended upon refusal to submit to chemical testing.'" *Id.* (quoting 75 Pa. C.S. § 1547(b)(2)(i)). Once DOT satisfies its burden of proof, the burden shifts to the licensee to prove that she was incapable of making a knowing and conscious refusal or that she was physically unable to take the test. *Kollar v. Dep't of Transp., Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010).

The issue raised here is similar to one that was raised over 30 years ago in *Department of Transportation, Bureau of Driver Licensing v. Viglione*, 537 A.2d 375 (Pa. Cmwlth. 1988). There, the licensee agreed to submit to a breathalyzer test and submitted to the test. When the officer asked the licensee to submit to a second

---

[5] Under *O'Connell*, an officer is required to explain to the licensee that the rights provided under the United States Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), are inapplicable. *O'Connell*, 555 A.2d at 878; *see Dep't of Transp., Bureau of Driver Licensing v. Scott*, 684 A.2d 539, 545-46 (Pa. 1996) (summarizing the principles of *O'Connell* and its progeny and requiring *O'Connell* warnings "whenever an officer requests a motorist to submit to chemical testing").

breathalyzer, the licensee refused. The officer explained to the licensee that his refusal to take the second breathalyzer test would result in a 12-month suspension of his operating privilege, but the licensee still refused the second breathalyzer. Common pleas concluded that the officer was required to inform the licensee that before testing began he had to submit to two breath tests, and that his refusal to do so would result in the suspension of his license. *Id.* at 376. We disagreed, finding common pleas "erred as a matter of law in requiring that the officer was required to warn [licensee], at the outset of the testing procedure, that he must submit to two breath tests or face a license suspension." *Id.* at 377. We held that "[o]ur review of the applicable statutes and regulations reveal no requirement that an officer warn a licensee, **before testing begins**, that **two** breath tests are required by [DOT's] regulations. Section 1547(b)(2) requires only that an officer warn that operating privileges 'will be suspended upon refusal to submit to chemical testing.'" *Id.* (emphasis in original and added); *see also Flickinger v. Dep't of Transp.*, 547 A.2d 476, 477 (Pa. Cmwlth. 1988) (holding that licensee is not entitled to an explanation as to why a second breath test is required given that the second breath test is required by Section 77.24(b) of DOT's regulations, thereby making the request per se reasonable). We saw "no meaningful distinction between a warning that **two** breath tests are required before any test is administered, as the trial court mandated, and the officer's clear warning that a **second** test was required following the administration of the first test." *Viglione*, 537 A.2d at 377 (emphasis in original).

Given the foregoing, the record here establishes that DOT met its prima facie burden of proof showing that Licensee refused to submit to chemical testing and that Sergeant specifically warned her that such a refusal would result in the suspension of her operating privilege. There is no question that Licensee was arrested for

12

driving under influence of alcohol and asked to submit to chemical testing. At issue is whether Licensee refused chemical testing and was specifically warned that a refusal would result in the suspension of her operating privilege. Sergeant testified that he told Licensee that she had to submit to two breath tests. (R.R. at 30a.) Licensee did not challenge Sergeant's testimony at all and did not cross-examine him, and common pleas did not discredit Sergeant's testimony. Licensee argued at the hearing that she did not refuse the breath test and, to the contrary, stated that she submitted to the breath test twice, which supports Sergeant's testimony that he told her that she had to submit to two breath tests. *Quigley v. Dep't of Transp., Bureau of Driver Licensing*, 965 A.2d 349, 354 (Pa. Cmwlth. 2009) (noting that the licensee was not confused about the language of the warnings contained in DOT Form DL-26, as she never indicated that she had any questions about it or interpreted it in a particular way as she later asserted on appeal, and the only reason the licensee gave for not wanting to submit to the breathalyzer test was that she wanted to speak with her husband). However, Licensee failed to provide a sufficient breath sample during the second test, as proven by the printouts from the breathalyzer DOT entered into evidence, which, under the law, constituted a per se refusal. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 766 (Pa. Cmwlth. 2008); *Dep't of Transp., Bureau of Driver Licensing v. Lohner*, 624 A.2d 792, 794 (Pa. Cmwlth. 1993).

Once DOT met its prima facie burden, the burden shifted to Licensee to show that her refusal was not knowing and conscious or that she was physically unable to take the test. Licensee, however, failed to carry her burden in opposition to DOT's prima facie showing. We cannot agree with Licensee's claim that because DOT Form DL-26A refers to "**a** chemical test" and "**the** breath test," and not two breath

13

tests, that she was somehow misled into consenting to testing. Licensee never claimed that she was confused when Sergeant sought a second breath test.[6] *Quigley*, 965 A.2d at 354. Instead, what emerges from the testimony at the hearing is that once Licensee's first breath test revealed a BAC three times in excess of the legal limit, she made the rational decision to ensure that the test results were invalid, thereby making a criminal prosecution of Licensee, who would have been facing enhanced penalties given her prior record and level of intoxication, more difficult. *See Commonwealth v. Myers*, 164 A.3d 1162, 1171 (Pa. 2017) (stating that under the Implied Consent Law, a licensee arrested for driving under influence of alcohol "has a critical decision to make[,]" and setting forth the consequences the licensee must weigh before deciding whether or not to submit to chemical testing); Section 3802(c) of the Vehicle Code, 75 Pa. C.S. § 3802(c) (setting forth "[h]ighest rate of alcohol" as .16% or higher); Section 3804(c) of Vehicle Code, 75 Pa. C.S. § 3804(c) (setting forth that upon a conviction of driving under influence of alcohol with the highest rate of alcohol and a prior offense for driving under influence of alcohol, the minimum term of imprisonment is 90 days); *Commonwealth v. Diulus*, 571 A.2d 418, 420 (Pa. Super. 1990) (suppressing results of intoxilyzer test where defendant refused second breath test).[7] Since DOT carried its burden and Licensee did not,

---

[6] Admissibility of a licensee's BAC in a criminal prosecution depends upon whether the Commonwealth strictly complied with both Section 1547(c) of the Vehicle Code and Section 77.24 of DOT's regulations. *Commonwealth v. Mabrey*, 594 A.2d 700, 702 (Pa. Super. 1991); *see Bush*, 535 A.2d at 755 (stating that Section 77.24 of DOT's regulations "establishes a procedural scheme intended to ensure valid test results").

[7] A licensee who drives under influence of alcohol and refuses chemical breath testing is subject to the enhanced criminal penalties contained in Section 3804(c) of the Vehicle Code. 75 Pa. C.S. § 3804(c).

14

common pleas should have denied Licensee's statutory appeal and reinstated DOT's 18-month suspension of Licensee's operating privilege.

Accordingly, we reverse common pleas' Order and reinstate DOT's 18-month suspension of Licensee's operating privilege.[8]

_____
**RENÉE COHN JUBELIRER,** Judge

Judge McCullough did not participate in the decision in this case.

---

[8] It would appear that this issue could be eliminated by amendment of the Form DL-26A.

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine Ann Flaherty         :

                                   :

             v.                 :    No. 635 C.D. 2017

                                   :

Commonwealth of Pennsylvania,  :

Department of Transportation,   :

Bureau of Driver Licensing,      :

                Appellant   :

## O R D E R

NOW, May 11, 2018, the May 4, 2017 Order of the Court of Common Pleas of Allegheny County is **REVERSED**, and the 18-month suspension of Catherine Ann Flaherty's operating privilege is **REINSTATED**.

_____

**RENÉE COHN JUBELIRER,** Judge